[No. A054287. First Dist., Div. Five. June 29, 1992.]

THE PEOPLE, Plaintiff and Respondent, v.
LARRY ARTHUR CLARK, Defendant and Appellant.

**COUNSEL**

Jim Fahey, under appointment by the Court of Appeal, for Defendant and Appellant.

Daniel E. Lungren, Attorney General, George Williamson, Chief Assistant Attorney General, John H. Sugiyama, Assitant Attorney General, Ronald S. Matthias and Jeremy Friedlander, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**HANING, J.**—Larry Arthur Clark appeals his conviction by nolo contendere plea to possession of a controlled substance. (Health & Saf. Code, § 11377, subd. (a).)[1] He contends the trial court violated his plea bargain by imposing a $500 fine, penalty assessment, and laboratory and drug program fees of which he had not been apprised, and that it assessed an unauthorized fine. We reverse.

### FACTS AND PROCEDURAL HISTORY

Since the appeal raises only a sentencing issue, a detailed recitation of facts is unnecessary. Pursuant to a plea bargain, appellant pled nolo contendere to unlawful possession of methamphetamine. The written change of plea form stated: "I have been promised: [¶] 1. [Prosecutor]: [d]ismiss Count 2 [¶] 2. [Court]: Probation and *no* more than 6 [months] jail provided diversion was successfully completed." The form did not mention that appellant would be subject to fines or monetary penalties as a consequence of his plea. Before entry of his nolo plea, appellant's attorney also stated on the record that the court had previously promised that appellant would receive probation and no more than six months in jail. Neither the court nor the district attorney disagreed. Appellant was not advised pursuant to Penal Code section 1192.5 that the court's approval of the plea was not binding and that it could withdraw its approval at the hearing on the application for probation or pronouncement of judgment, in which case appellant would be permitted to withdraw his plea.

The court suspended imposition of sentence and granted three years' probation. Among other conditions of probation, the court ordered appellant to "pay a $500 fine plus penalty assessment, a $100 restitution fine, a $50 lab fee, [and] a $100 drug education fee." Appellant did not object to the fines, penalty assessment or fees at sentencing.

### DISCUSSION

### I

■ Appellant contends section 11377 does not authorize the $500 fine and penalty assessment. Penal Code section 672 provides: "Upon a conviction for any crime punishable by imprisonment in any jail or prison, in relation to which no fine is herein prescribed, the court may impose a fine on

---

[1]Unless otherwise indicated, all further statutory references are to the Health and Safety Code.

the offender not exceeding one thousand dollars ($1,000) in cases of misdemeanors or ten thousand dollars ($10,000) in cases of felonies, in addition to the imprisonment prescribed." This statute includes all crimes, whether defined in the Penal Code or elsewhere. (*People v. Shah* (1949) 91 Cal.App.2d 716, 721 [205 P.2d 1081].)

Section 11377 provides, in relevant part: "(a) [E]very person who possesses any controlled substance . . . , shall be punished by imprisonment in the county jail for a period of not more than one year or the state prison.

"(b) Any person who violates subdivision (a) by unlawfully possessing a controlled substance specified in subdivision (f) of Section 11056 [certain anabolic steroids and chorionic gonadotropins], and who has not previously been convicted of such a violation involving a controlled substance specified in subdivision (f) of Section 11056, is guilty of a misdemeanor.

"(c) *In addition to any fine assessed under subdivision (b), the judge may assess a fine not to exceed seventy dollars ($70) against any person who violates subdivision (a)*, with the proceeds of this fine to be used in accordance with Section 1463.23 of the Penal Code [AIDS education program]. The court shall, however, take into consideration the defendant's ability to pay, and no defendant shall be denied probation because of his or her inability to pay the fine permitted under this subdivision." (Italics added.)

Appellant specifically contends that because section 11377 authorizes a fine of up to $70 for anyone convicted of possessing various controlled substances, such fine is "prescribed" by that section and no further fine can be assessed under Penal Code section 672. We disagree.

By its terms, section 11377, subdivision (a) makes the possession of the controlled substances named therein punishable as either a felony or a misdemeanor. (See Pen. Code, § 17; 1 Witkin & Epstein, Cal. Criminal Law (2d ed. 1988) § 76, p. 92.) Section 11377, subdivision (b) makes the possession of controlled substances listed in section 11056, subdivision (f), a misdemeanor if the defendant has not previously been convicted of such offense. Neither subdivision (a) nor subdivision (b) of section 11377 assesses a fine. However, section 11377, subdivision (c) begins by stating: "In addition to any fine assessed under subdivision (b) . . . ."

Due to the ambiguity of section 11377, subdivision (c), which both parties acknowledge, we review the legislative history of section 11377 to assess the Legislature's intent. (See *Lungren v. Deukmejian* (1988) 45 Cal.3d 727, 735 [248 Cal.Rptr. 115, 755 P.2d 299].) The legislative history of section 11377

supports the People's position. Assembly Bill No. 2374, enacted in 1988, amended section 11377 to add subdivision (c). (§ 11377, as amended by Stats. 1988, ch. 1243, § 3.) The Legislative Counsel's Digest regarding Assembly Bill No. 2374 states, in relevant part: "Existing law provides for the distribution of fines and forfeitures collected in municipal or justice courts, as specified. [¶] This bill would authorize a judge to assess, for purposes of an AIDS education program, as specified, a fine of up to $70 *in addition to any other fine imposed* for offenses related to possession, use, or being under the influence of specified controlled substances, possession or sale of hypodermic needles or syringes, rape, and sodomy. The bill would divert out of these fines $50 for each conviction to be deposited in a special account in the county treasury to pay for the reasonable costs of establishing and providing the AIDS education program. The program would apply, as a condition of either a sentence of probation or participation in a drug diversion program, to a person pleading guilty to, or who has been convicted of any of the crimes referred to above, except for the offenses relating to rape and sodomy. . . ." (Legis. Counsel's Dig., Assem. Bill No. 2374, 4 Stats. 1988 (Reg. Sess.) Summary Dig., p. 415, italics added.)

A Senate Judiciary Committee analysis of Assembly Bill No. 2374 stated, in part: ". . . The purpose of this bill is to provide additional funds to counties to enable them to offer educational programs for persons who are using intravenous drugs and for those convicted of prostitution. [¶] . . . [¶] Presently, the fines for these offenses range from $500 to $1,000. This bill would require courts to impose an additional $70 fine on persons convicted of [possession and/or use of controlled substances, unlawful possession and/or sale of needles, or prostitution], unless the court determined that the offender lacked the ability to pay the additional fine. The $70 increase would be deposited in an account in each county to be used exclusively for the reasonable costs of establishing and providing for an AIDS education program." (Sen. Com. on Judiciary, Analysis of Assem. Bill No. 2374 (1987-1988 Reg. Sess.) as amended Aug. 1987.)

Contrary to appellant's interpretation, nothing in Assembly Bill No. 2374 suggests that the Legislature contemplated the $70 fine as a substitute for other authorized fines. Rather, the legislative history reveals that the Legislature intended to create a separate funding source through the court's discretionary imposition of the $70 fine for the establishment of AIDS education programs. The $70 fine is expressly intended to be additional to any fines the court may impose for the specified offenses. Consequently, the court's imposition of the $500 fine and penalty assessment were permissible under section 11377.

## II

■ Appellant also contends that because he was not advised that the $500 fine, penalty assessment and drug and laboratory fees were a consequence of his plea, they must be stricken. He does not challenge the $100 restitution fine.

Appellant pled pursuant to a plea bargain. Although the change of plea form indicated the maximum punishment was three years in prison and a $10,000 fine, appellant was promised that in exchange for his waiver of rights and nolo plea, the maximum sentence would not be imposed, but that in lieu thereof a second charge would be dismissed and he would receive probation with no more than a six-month jail sentence. The plea bargain did not include or mention the imposition of fines, penalty assessments or drug program and laboratory fees.

■ The validity of a guilty or nolo contendere plea requires a record that demonstrates the defendant understood the nature of the charges and the direct consequences of conviction, including the permissible range of punishment. The requirements of due process attach to implementation of a plea bargain, such that violation of the bargain by the state raises a constitutional right to some remedy. (*Santobello* v. *New York* (1971) 404 U.S. 257, 266-267 [30 L.Ed.2d 427, 435-436. 92 S.Ct. 495]; *People* v. *Mancheno* (1982) 32 Cal.3d 855, 860 [187 Cal.Rptr. 441, 654 P.2d 211].)

■ The plea bargain in this case is governed, primarily, by Penal Code section 1192.5, which permits a plea of guilty or nolo contendere to a felony charge to "specify the punishment to the same extent as it may be specified by the jury on a plea of not guilty or fixed by the court on a plea of guilty, nolo contendere, or not guilty, and may specify the exercise by the court thereafter of other powers legally available to it." If the plea is accepted by the prosecutor in open court and approved by the court, the punishment may not be more severe than specified, and the court may not deviate from the terms of the bargain.

As we previously stated, the plea bargain in this case specified six months in county jail as a condition of probation as the only punishment, did not include imposition of any fine, fee or assessment, and appellant was not advised of his right to withdraw his plea if the court later decided not to honor the plea bargain, as required by Penal Code section 1192.5.

The Supreme Court recently addressed a similar situation in *People* v. *Walker* (1991) 54 Cal.3d 1013 [1 Cal.Rptr.2d 902, 819 P.2d 861]. In *Walker*,

the defendant pled guilty to a felony pursuant to a plea bargain. In accepting the defendant's plea, the trial court advised him that the maximum penalty for the offense was seven years in state prison and a $10,000 fine. The defendant was not informed that he might also be subject to a restitution fine. However, at sentencing the court imposed a five-year sentence and a $5,000 restitution fine. The defendant did not object to the fine at sentencing, but on appeal contended the fine should be stricken because it was not part of the plea bargain. The Court of Appeal found the only remedy for the error was to permit the defendant to withdraw his guilty plea. The Supreme Court reversed and remanded with directions to reduce the restitution fine to its $100 statutory minimum.[2]

*Walker* identified and analyzed two aspects of the situation: (1) The failure to advise the defendant of the consequences of the plea; and (2) a violation of the plea bargain. ■ Noting that the requirement of advising the defendant of the consequences of the plea is a judicially declared rule of criminal procedure rather than a constitutional mandate, *Walker* confirmed that such failure is subject to harmless error analysis. *Walker* further held that the error of failing to advise of the consequences of the plea is waived if not raised at or before sentencing, and that upon timely objection the sentencing court must determine whether the error was prejudicial—"whether it is 'reasonably probable' the defendant would not have pleaded guilty if properly advised." (*People* v. *Walker, supra,* 54 Cal.3d at p. 1023.) If prejudice is found from the failure to advise of the mandatory restitution fine, the court must either impose the statutory $100 minimum, or permit the defendant to withdraw the plea.

---

[2]*Walker* first noted that a person convicted of a felony faces imposition of two different kinds of fines—a penal fine, which in that case was discretionary, and a mandatory restitution fine. (*People* v. *Walker, supra,* 54 Cal.3d at p. 1019; see Gov. Code, § 13967, subd. (a).) Not mentioned in *Walker* are a host of other fines, penalty assessments, and fees which may be imposed upon a person convicted of a felony pursuant to statute. A representative sampling of such statutory penal sanctions includes Penal Code section 1464, which at the time of the instant offense mandated imposition of a state penalty assessment in the amount of $7 for every $10 or fraction thereof, upon every fine, penalty or forfeiture imposed for criminal offenses. Effective June 30, 1991, the amount of the assessment was increased to $10 for every $10 or fraction thereof. Penal Code section 1202.5 provides for the discretionary imposition of an additional $10 fine for all theft offenses. Section 11372 provides for discretionary fines up to $8 million for specified drug offenses. Section 11372.5 mandates a $50 criminal laboratory analysis fee for each separate specified drug offense. Section 11372.7 mandates a drug program fee up to $100 for each specified offense if the defendant is able to pay it. Government Code section 76000 mandates a county assessment of $7 for each $10 or fraction thereof on every fine, penalty or forfeiture imposed for criminal offenses, if the board of supervisors has adopted a resolution providing for such assessment. Government Code section 13967, subdivision (d) provides that a county's board of supervisors may impose a fee up to 10 percent of any restitution fine imposed to cover the administrative costs of collecting the fine.

■ In the case of a violation of a plea bargain, harmless error analysis is inappropriate, although a "punishment or related condition that is insignificant relative to the whole [plea bargain], such as a standard condition of probation, may be imposed whether or not it was part of the express negotiations." (*People* v. *Walker*, *supra*, 54 Cal.3d at p. 1024.) Reasoning that in "the context of felony pleas, a $100 fine is not, as a matter of law, 'significant,' " (*id.*, at p. 1027) *Walker* concluded that the minimum mandatory restitution fine could be imposed in that instance as an option to strict enforcement of a plea bargain which did not include a restitution fine, or to permit the defendant to withdraw his plea. *Walker* observed that imposition of the minimum fine in that case satisfied the statutory mandate, and also secured the benefits of a negotiated plea—the efficient disposition of criminal cases, and allowing victims to avoid the trauma and inconvenience of trial. (*Ibid.*) *Walker* further ruled that where the Penal Code section 1192.5 admonition is given at the time the plea is entered, any violation of the plea bargain is waived if not raised by the time of sentencing. Where the admonition is not given and the violation is raised later, such as on appeal, "the passage of time tilts the relevant interests strongly towards reducing the fine rather than undoing the plea bargain," for the reason, inter alia, that a substantial portion of any term of confinement makes it impossible to restore the status quo. (54 Cal.3d at p. 1028.)

However, *Walker* cautioned: "We stress that normally the defendant should not receive any more punishment than that bargained for. We allow the nonbargained $100 fine in this case because it is statutorily mandated and is not significant in the context of the bargain as a whole. Courts should generally be cautious about deeming nonbargained punishment to be insignificant. The test whether a punishment greater than that bargained for is 'significant' under *Santobello* v. *New York* [, *supra*,] 404 U.S. 257, is stricter than the prejudice test for a mere failure to advise of the consequences of a nonbargained plea. Punishment that is not prejudicial, i.e., when it is not reasonably probable the defendant would not have pleaded guilty if informed of the punishment [citation], may well be 'significant' if imposed after a negotiated plea." (*People* v. *Walker*, *supra*, 54 Cal.3d at pp. 1027-1028, fn. 3.)

■ In the instant case, the plea bargain promised probation and six months' confinement as the only punishment, and did not mention the imposition of fines, penalty assessments or drug program and laboratory fees. Since the court did not give the Penal Code section 1192.5 admonitions, appellant has not waived his right to challenge his sentence in violation of the plea bargain.

The record reveals that the court imposed a $500 fine plus a penalty assessment, but does not indicate the exact dollar amount of the penalty

assessment. However, pursuant to former Penal Code section 1464, the required assessment was $350, representing $7 for every $10 of the $500 fine. The court also imposed a $100 restitution fine, $100 drug program fee and $50 laboratory fee. We therefore assume the total amount of the fines, assessment and fees was $1,100. The question then becomes whether the $1,100 in fines, assessment and fees is a significant deviation from the terms of the plea bargain as a whole. We must also consider whether the fines, penalty assessment and fees imposed herein are statutorily mandated, or are "standard condition[s] of probation." (*People* v. *Walker, supra*, 54 Cal.3d at p. 1024.)

As we noted previously, section 11377 authorizes a discretionary $70 fine in addition to any other fine imposed under that section, and Penal Code section 672 provides for the discretionary imposition of fines for criminal offenses for which no fines are specifically prescribed. Thus, the $500 fine is not mandatory. The state penalty assessments imposed under Penal Code section 1464 are necessarily dependent upon the imposition of a fine, and therefore have no independent force.

Section 11372.5 provides that a person convicted of violating section 11377 "shall pay a criminal laboratory analysis fee in the amount of fifty dollars ($50) for each separate offense." This fee is mandatory.

Section 11372.7 provides that a person convicted of section 11377 "shall pay a drug program fee in an amount not to exceed one hundred dollars ($100) for each separate offense," unless the court determines the defendant is unable to pay the fee. Again, this fee is mandatory unless the defendant is unable to pay. Since the record does not suggest otherwise, we presume the court found appellant had the ability to pay the fee.

The restitution fine is also mandatory. (Gov. Code, § 13967, subd. (a); *People* v. *Walker, supra*, 54 Cal.3d 1013.)

The imposition of $1,100 in fines, fees and assessments is significantly greater than the punishment bargained for. A penalty assessment of 70 percent of the fine imposed (now 100 percent; see Pen. Code, § 1464) will rarely be insignificant, and the $1,100 total is 11 times greater than the $100 minimum restitution fine cautiously approved in *Walker*. Only the laboratory and drug program fees and the restitution fines are statutorily mandated. None of the fines, fees and assessments imposed are standard conditions of probation, since they are legislatively prescribed and applicable to all similarly convicted persons throughout the state. We therefore conclude the aggregate amount imposed is significant relative to the plea bargain as a

whole and, due to the lack of the Penal Code section 1192.5 admonition, compels remedial action. Since we are unaware of appellant's current status, e.g., whether he has actually completed his sentence or any portion thereof, the form of relief is best determined by the trial court.

## DISPOSITION

The order admitting appellant to probation is reversed, and the matter remanded for further proceedings consistent with this opinion.

King, Acting P. J., and Low, J.* concurred.

---

*Retired Presiding Justice of the Court of Appeal, First District, sitting under assignment by the Chairperson of the Judicial Council.