Filed 12/9/13  P. v. Jones CA1/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE,<br><br>　　　Plaintiff and Respondent,<br>v.<br><br>MELVIN DEAN JONES,<br><br>　　　Defendant and Appellant. | A138807<br><br>(Lake County Super. Ct.<br>No. CR926836, CR927988,<br>CR930087) |

　　　This case comes before us for full record review pursuant to *People v. Wende* (1979) 25 Cal.3d 436.  Appellant Melvin Dean Jones III was convicted by plea in two cases of possession of methamphetamine (Health & Saf. Code, § 11377, subd. (a)), and in a third case of battery causing serious bodily injury (Pen. Code, § 243, subd. (d)).[1]  He was sentenced to a total term of seven years.  We have reviewed the record and find no issues that merit briefing.

### FACTUAL AND PROCEDURAL BACKGROUND

　　　On May 23, 2011, police responded to a report of loud music coming from a residence.  Officers observed several people inside, and then knocked on the door. An officer recognized Jones as someone wanted on an outstanding arrest warrant. Jones was taken into custody and informed the officer that he had methamphetamine in his pocket.

---

[1] Undesignated statutory references are to the Penal Code.

1

The officer found a baggie containing 3.9 grams of methamphetamine on Jones, for which he was charged with possession of methamphetamine in case CR926836.

The charges in case CR927988 stemmed from an assault at a party on October 23, 2011. The victim had attempted to break up a fight between her sister and another man when Jones came out of the house and yelled at her to be quiet or he would punch her in the face. She returned to her car and Jones then jumped off the front porch onto the hood of her car, causing damage. When she got out of her car to ask him what he was doing, he punched her in the face, breaking her nose and fracturing her eye socket. An information was filed on December 22, 2011, charging Jones with battery causing serious bodily injury (§ 243, subd. (d)) and vandalism (§ 594, subd. (a)).

On March 13, 2012, written plea waiver forms were completed in each case and Jones entered no contest pleas to the possession of methamphetamine and battery causing serious bodily injury charges, with the vandalism charge to be dismissed. At the time of the plea, the information in CR927988 was amended to indicate that Jones "personally and unlawfully use[d] force and violence" against the victim, "not an accomplice, resulting in the infliction of serious bodily injury." Jones was advised that battery causing serious bodily injury was a serious felony, and thus would constitute a strike prior in the event of any future convictions. (§ 1192.7, subd. (c)(8).)

On April 17, 2012, imposition of sentence was suspended and Jones was placed on three years' probation with various conditions, including 365 days in county jail on case CR927988. A restitution fine of $800 was imposed in that case, with a $200 restitution fine imposed in CR926836, and like amounts were imposed and stayed unless probation were to be revoked. (§§ 1202.4, subd. (b), 1202.44.) Credits were awarded in each file, and various other fines and fees imposed.

On July 16, 2012, an officer saw Jones walking along the side of the road. The police had received information earlier that evening that Jones was in possession of two handguns. The officer called dispatch to confirm that Jones was on active probation with a search clause and then stopped him and conducted a search. The officer found a plastic baggie containing 3.3 grams of methamphetamine in Jones's pocket.

The probation department prepared a report and affidavit alleging that Jones violated his probation in that he failed to report, possessed illegal drugs, and committed a new offense. Probation was summarily revoked on July 28, 2012. Jones waived a preliminary examination and was charged by information on September 29, 2012, in case CR930087 with possession of methamphetamine (Health & Saf. Code, § 11377, subd. (a)), along with a strike prior (§§ 667, subds. (b)-(i), 1170.12) based on the previous battery with serious bodily injury conviction.

The new case proceeded to trial, with the violation of probation hearing to be held concurrently with the trial. On February 6, 2013, the second day of trial, following the completion of voir dire and hearings on the prosecutor's in limine motion and a *Miranda* motion by the defendant,[2] Jones entered an open plea to the possession of methamphetamine charge, admitted the strike prior, and admitted violating his probation in the earlier two cases. Jones was then released on bail.

The defense filed a combined *Romero* motion[3] and statement in mitigation, which the prosecution opposed. Jones failed to appear for sentencing on March 19, 2013, and a bench warrant was issued. He was picked up on April 3 and the case was referred for a supplemental probation report.

At the sentencing hearing on May 21, 2013, defense counsel asked the court to dismiss Jones's strike prior in the interests of justice (§ 1385, subd. (a)), noting that Jones was only 21 years of age, and that imposition of the maximum term would be a draconian penalty. Counsel noted that the third offense involved only a small amount of drugs, and argued that a long sentence would be unjust.

The court denied the motion to strike the prior. It first recited for the record the underlying facts of each offense and then set forth Jones's prior criminal record. Jones had incurred three juvenile adjudications, a misdemeanor conviction, and the three felony convictions for which he faced sentencing; three of the offenses involved serious

---

[2] *Miranda v. Arizona* (1966) 384 U.S. 436.

[3] *People v. Superior Court (Romero)* (1996) 13 Cal.4th 497.

violence. Based on Jones's record the court found he was a serious danger to society, his prospects for a stable life were poor, and his overall record, background, character and prospects did not take him outside the scheme of the three strikes law.

Jones was deemed ineligible for probation due to the strike prior, and probation was therefore denied. Listing the circumstances in aggravation and mitigation, the court found Jones did not acknowledge wrongdoing at an early stage of the proceedings, had engaged in violent conduct indicating a serious danger to society, had a prior record, and had performed poorly while on probation. It concluded the circumstances in aggravation outweighed the mitigating factor of Jones's youth.

The court declared the methamphetamine possession conviction in case CR930087 to be the principal term, and imposed the upper term of three years, doubled to six by operation of section 1170.12, subdivision (c). It then imposed a consecutive one-third the middle term sentence of one year on the battery with serious bodily injury conviction in case CR927988, and a concurrent three-year upper term on the earlier methamphetamine possession conviction in case CR926836, for a total term of imprisonment of seven years.[4] The court found consecutive terms were appropriate because the offenses occurred at separate times and places, and one of the crimes involved an act of violence. Credits, fines and fees were then determined. A timely notice of appeal was filed on May 24, 2013, on grounds of sentencing or other postplea error.

## DISCUSSION

Jones's appointed counsel filed a brief asking us to review the entire record pursuant to *People v. Wende, supra,* 25 Cal.3d 436, to determine whether there are any arguable sentencing issues or other postplea issues. Jones was advised by his attorney that such a brief would be filed and that he could file a supplemental brief of his own

---

[4] The original abstract of judgment listed the sentence in case CR926836 as a concurrent six-year term. Counsel has informed us that the clerical error was corrected by an informal request to the trial court, with the court filing an amended abstract of judgment on September 23, 2013.

4

within 30 days, but he has not availed himself of that opportunity. We have conducted the required review and find no issues that would merit briefing.

Jones was represented by counsel in the proceedings and we see no procedural irregularities. The *Romero* motion was given thoughtful consideration, as recited above, and proper factors were taken into account in the exercise of the court's discretion. (*People v. Williams* (1998) 17 Cal.4th 148, 161 ["whether, in light of the nature and circumstances of his present felonies and prior serious and/or violent felony convictions, and the particulars of his background, character, and prospects, the defendant may be deemed outside the scheme's spirit, in whole or in part, and hence should be treated as though he had not previously been convicted of one or more serious and/or violent felonies"].)

The sentence imposed was lawful, and the court stated its reasons for imposing the upper terms and consecutive sentences. (§§ 243, subd. (d), 667, subd. (d), 669, subd. (a), 1170, subd. (h), 1170.12, subd. (c); Health & Saf. Code, § 11377, subd. (a); Cal. Rules of Court, rule 4.406(b)(4) & (5).)

The fines, fees and assessments appear to have been authorized by law when penalties and surcharges are considered. (§§ 1202.4, subd. (b), 1464, subd. (a)(1), 1465.7, 1465.8; Health & Saf. Code, §§ 11372.5, 11372.7; Gov. Code §§ 70372, subd. (a)(1), 70373, 76000, subd. (a)(1), 76000.5, subd. (a)(1), 76104.6, subd. (a)(1), 76104.7, subd. (a).) Although an ability to pay must be found before imposing a drug program fee (Health & Saf. Code, § 11372.7, subd. (b)), no express finding is required. (*People v. Coleman* (2013) 218 Cal.App.4th 353, 363 [but finding may not be delegated to probation].) Such an implied finding may be presumed where, as here, both the fee and penalty assessments were specified. (Cf. *People v. Corrales* (2013) 213 Cal.App.4th 696, 702 [presumption not appropriate where fee specified without penalty assessments]; *People v. Clark* (1992) 7 Cal.App.4th 1041, 1050 [presumption applied].) Jones claimed to have a job at the time he was sentenced and had recently been employed as a telemarketer when he was interviewed by probation. The court said it was imposing the fee "pursuant to [section] 11372.7 of the Health and Safety Code." Given the court's

citation of the code section and the presumption of duty regularly performed (Evid. Code, § 664), we do not regard the failure to make an express finding of ability to pay to be a meritorious issue for appeal.

We have reviewed the credits calculation and detect no issues on which we require briefing. (§§ 2900.5, 4019.)

## DISPOSITION

The judgment is affirmed.

_____
Richman, J.

We concur:


_____
Kline, P.J.


_____
Brick, J.[*]

---

[*] Judge of the Alameda County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.