Filed 12/27/13  P. v. Baxter CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

|  |  |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>ROGER BAXTER, SR.,<br><br>    Defendant and Appellant. | F066090<br><br>(Super. Ct. No. TF5938A)<br><br>**OPINION** |

-ooOoo-

## THE COURT[*]

APPEAL from a judgment of the Superior Court of Kern County.  Michael E. Dellostritto, Judge.

Elaine Forrester, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, and Kathleen A. McKenna, Deputy Attorney General, for Plaintiff and Respondent.

-ooOoo-

---

[*]     Before Levy, Acting P.J., Poochigian, J. and Oakley, J.[†]

[†]     Judge of the Madera Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

Defendant Roger Baxter, Sr. pled no contest to possessing methamphetamine for sale (Health & Saf. Code, § 11378)[1] and admitted four prior convictions (§ 11370.2, subd. (c)) in exchange for a 14-year term in the county jail. The trial court ordered him to register as a narcotics offender and pay various fines and fees, including a $100 drug program fee pursuant to section 11372.7, subdivision (b), as recommended in the probation officer's report.[2]

Defendant contends on appeal that the drug program fee must be stricken because (1) the trial court failed to assess whether he had the ability to pay and (2) there was insufficient evidence he had the ability to pay. Citing *People v. McCullough* (2013) 56 Cal.4th 589 (*McCullough*), the People respond that defendant forfeited the claim by failing to object at sentencing. We agree and will affirm.

## DISCUSSION

Section 11372.7, subdivision (a) requires defendants convicted of certain drug offenses to "pay a drug program fee in an amount not to exceed [$150] for each separate offense." (*People v. Corrales* (2013) 213 Cal.App.4th 696, 701 (*Corrales*).) The drug program fee "is mandatory unless the defendant is unable to pay." (*People v. Clark* (1992) 7 Cal.App.4th 1041, 1050 (*Clark*).)

Section 11372.7, subdivision (b) states that "[t]he court shall determine whether or not the person who is convicted of a violation of this chapter has the ability to pay a drug program fee. If the court determines that the person has the ability to pay, the court may set the amount to be paid and order the person to pay that sum to the county in a manner that the court believes is reasonable and compatible with the person's financial ability. In

---

[1]     All statutory references are to the Health and Safety Code unless otherwise noted.

[2]     We note that the record does not contain an abstract of judgment. Upon the People's motion, we ordered that the record be augmented to include the abstract, but the clerk of the superior court certified that an abstract was not filed in this case.

2.

its determination of whether a person has the ability to pay, the court shall take into account the amount of any fine imposed upon that person and any amount that person has been ordered to pay in restitution. If the court determines that the person does not have the ability to pay a drug program fee, the person shall not be required to pay a drug program fee."

"The trial court is not required to make an express finding of ability to pay the drug program fee. (See *People v. Martinez* (1998) 65 Cal.App.4th 1511, 1516; *People v. Staley* (1992) 10 Cal.App.4th 782, 785.) Several appellate courts have presumed the trial court determined the defendant had the ability to pay the drug program fee when the record 'does not suggest otherwise.' (*Clark, supra,* 7 Cal.App.4th at p. 1050 ['[s]ince the record does not suggest otherwise, we presume the court found [the defendant] had the ability to pay …']; *Corrales, supra,* 213 Cal.App.4th at p. 702 ['[w]e presume the trial court determined [the] defendant was able to pay …' the drug program fee].)" (*People v. Coleman* (2013) 218 Cal.App.4th 353, 363.)

In *McCullough, supra,* 56 Cal.4th 589, the Supreme Court recently held that "because a court's imposition of a booking fee is confined to factual determinations, a defendant who fails to challenge the sufficiency of the evidence at the proceeding when the fee is imposed may not raise the challenge on appeal." (*Id.* at p. 597.) The court concluded: "Given that imposition of a fee is of much less moment than imposition of sentence, and that the goals advanced by judicial forfeiture apply equally here, we see no reason to conclude that the rule permitting challenges made to the sufficiency of the evidence to support a judgment for the first time on appeal 'should apply to a finding of' ability to pay a booking fee …." (*Id.* at p. 599.)

In support of its forfeiture analysis, *McCullough* cited *People v. Martinez*, *supra*, 65 Cal.App.4th 1511, which, like the present case, involved a drug program fee under section 11372.7, subdivision (b). *McCullough* stated: "We conclude that defendant's ability to pay the booking fee here does not present a question of law in the same manner

3.

as does a finding of probable cause. Defendant may not 'transform … a factual claim into a legal one by asserting the record's deficiency as a legal error.' (*People v. Forshay* (1995) 39 Cal.App.4th 686, 689-690.) By 'failing to object on the basis of his [ability] to pay,' defendant forfeits both his claim of factual error and the dependent claim challenging 'the adequacy of the record on that point.' (*Id.* at p. 690; see *People v. Martinez*[, *supra*,] 65 Cal.App.4th [at p.] 1517 [analyzing Health & Saf. Code, § 11372.7, subd. (b), and concluding challenge to the court's order forfeited largely because 'factual issues come into play in determining whether a defendant has the ability to pay' the otherwise mandatory drug program fee].)" (*McCullough, supra*, 56 Cal.4th at p. 597.)

Here, we presume the trial court assessed defendant's ability to pay because the record does not suggest otherwise. Defendant cannot claim he was unaware of the fee because it was recommended in the probation officer's report. We conclude defendant has forfeited this claim by failing to object in the trial court, where his concerns, such as his age and length of sentence, should have been raised.

## DISPOSITION

The judgment is affirmed.

4.