Filed 7/17/14

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE, | H039309 |
| Plaintiff and Respondent, | (Santa Clara County Super. Ct. No. C1244427) |
| v. | |
| WILLIAM ANTHONY POVIO, | |
| Defendant and Appellant. | |

Defendant William Anthony Povio pleaded no contest to unlawful possession of a controlled substance, Vicodin (Health & Saf. Code, § 11350, subd. (a)); false representation and identification to a peace officer (Pen. Code, § 148.9); and possession of 28.5 grams or less of marijuana (Health & Saf. Code, § 11357, subd. (b)). He also admitted a prior strike conviction for attempted second degree burglary conviction. (Pen. Code, §§ 667.5, subd. (b), 459, 460, subd. (b), 664.) On appeal, Povio challenges a probation condition and several fees imposed at his sentencing hearing. We reverse the judgment and remand with directions.

I.    **BACKGROUND**

On November 8, 2012, the People filed a four-count complaint charging Povio with (1) unlawful possession of a controlled substance, Vicodin (Health & Saf. Code, § 11350, subd. (a)); (2) false representation and identification to a peace officer (Pen. Code, § 148.9); (3) possession of burglary tools (*id*., § 466); and (4) possession of 28.5 grams or less of marijuana (Health & Saf. Code, § 11357, subd. (b)). The complaint also alleged, pursuant to Penal Code section 667.5, subdivision (b), that Povio had a prior felony conviction and prison term for attempted second degree burglary (*id*., §§ 459, 460, subd.

(b), 664).

Povio pleaded no contest to counts 1, 2, and 4 and admitted the prior conviction on December 6, 2012. Pursuant to Povio's plea agreement, the court dismissed the count 3 possession of burglary tools charge. Before Povio entered his plea, the court advised him that he would be subject to certain fines and fees. Povio asked "am I in violation of probation if I can't pay?" Povio and his counsel then conferred off the record, after which Povio entered his plea without further discussion of his ability to pay or the consequences of failing to do so.

The court suspended imposition of sentence and placed Povio on a three-year term of formal probation on various terms and conditions, including the condition that he serve nine months in county jail with credit for 64 days. The court also imposed a condition of probation requiring Povio to stay 300 yards away from any playground. The court orally ordered Povio to pay various fines and fees including a laboratory analysis fee of "[$]50 per count," a probation supervision fee "not to exceed [$]110 per month," a $150 drug program fee, and a $70 AIDS education fee. The minute order reflects a $150 lab fee, a $110 per month probation supervision fee, a $150 drug program fee, and a $70 AIDS education fee.

Povio timely appealed his sentence.

## II. DISCUSSION

On appeal, Povio challenges the imposition of the laboratory analysis, probation supervision, drug program, and AIDS education fees. He also challenges the constitutionality of the probation condition requiring him to stay 300 yards away from playgrounds.

### A. *Laboratory Analysis Fee*

Povio urges, and the People concede, that the $150 laboratory analysis fee should be reduced to $50. Pursuant to Health and Safety Code section 11372.5, subdivision (a), every person convicted of one of several enumerated violations of the Health and Safety

Code shall pay a criminal laboratory analysis fee in the amount of $50 for each separate offense. Povio was convicted of only one qualifying offense--unlawful possession of a controlled substance in violation of Health and Safety Code section 11350, subdivision (a). Neither Penal Code section 148.9, nor Health and Safety Code section 11357, subdivision (b), are listed in Health and Safety Code section 11372.5, subdivision (a). Accordingly, Povio should have been assessed only a $50 lab fee.

We asked the parties to submit supplemental briefing as to whether the laboratory analysis fee is subject to any mandatory penalty assessments. (See *People v. Turner* (2002) 96 Cal.App.4th 1409, 1415 (*Turner*) [failure to impose mandatory penalty assessments yields unauthorized sentence that may be corrected on appeal " 'regardless of whether an objection or argument was raised in the trial and/or reviewing court' "].) The parties agree that the trial court was required to impose penalty assessments totaling $155 in connection with the $50 laboratory analysis fee. The mandatory penalty assessments include: (1) a $50 state penalty assessment (Pen. Code, § 1464, subd. (a)(1)); (2) a $10 state surcharge (*id.*, § 1465.7); (3) a $25 state court construction penalty (Gov. Code, § 70372); (4) a $35 additional penalty (*id.*, § 76000, subd. (a)(1)); (5) a $10 emergency medical services penalty (*id.*, § 76000.5, subd. (a)(1)); (6) a $5 penalty for the implementation of the DNA Fingerprint, Unsolved Crime and Innocence Protection Act (*id.*, § 76104.6, subd. (a)(1)); and (7) a $20 forensic laboratories penalty (*id.*, § 76104.7).

### B. *Probation Supervision Fee*

Povio contends that the trial court's order imposing a probation supervision fee should be vacated, and the matter should be remanded, because the court failed to determine his ability to pay the monthly fee as required by Penal Code section 1203.1b. Povio further maintains there is no evidence to support an implied ability-to-pay finding. Povio did not object to the fee below, but asserts that the challenge is not forfeited, relying on *People v. Pacheco* (2010) 187 Cal.App.4th 1392. There, this court held that claims based on insufficiency of the evidence to support an order for probation related

3

costs do not need to be raised in the trial court to preserve the issue on appeal. (*Id*. at p. 1397.)

Relying on *People v. McCullough* (2013) 56 Cal.4th 589 (*McCullough*), the People contend that Povio has forfeited his claim because he failed to object when the trial court imposed the probation supervision fee.[1] In *McCullough*, the California Supreme Court held that a defendant who fails to challenge the sufficiency of the evidence of his ability to pay a booking fee at the time it is imposed forfeits his or her right to challenge the fee on appeal. (*Id*. at p. 591.) The *McCullough* court disapproved of *Pacheco* to the extent it held contrary. (*Id*. at p. 599.)

In reaching its conclusion as to booking fees, the *McCullough* court distinguished the booking fee statute before it from other fee statutes, including the statute governing the imposition of probation supervision fees, Penal Code section 1203.1b. (*McCullough*, *supra*, 56 Cal.4th at p. 598.) The *McCullough* court noted that, in contrast to the booking fees statute, these statutes "provide procedural requirements or guidelines for the ability-to-pay determination." (*Ibid*.) *McCullough* concluded that the lack of any procedural safeguards or guidelines for the imposition of a booking fee indicated "that the Legislature considers the financial burden of the booking fee to be de minimis," making "the rationale for forfeiture . . . particularly strong." (*Id*. at p. 599.)

As the *McCullough* court acknowledged, Penal Code section 1203.1b *does* impose guidelines that must be followed before the trial court may impose a probation supervision fee. Specifically, it requires (1) the trial court to order the defendant to report to the probation officer, who makes the ability to pay determination; (2) the probation

---

[1] The California Supreme Court is currently considering whether that contention--that *McCullough* requires a defendant to contemporaneously object to an order imposing probation supervision fees under Penal Code section 1203.1b--is correct. (*People v. Aguilar* (2013) 219 Cal.App.4th 1094, review granted Nov. 26, 2013, S213571; *People v. Trujillo*, review granted Nov. 26, 2013, S213687 [nonpub. opn.].)

officer to inform the defendant that he or she is entitled to a court hearing as to his or her ability to pay; and (3) a court hearing to determine defendant's ability to pay, unless defendant waives his or her right to such a hearing. (Pen. Code, § 1203.1b, subds. (a) & (b).) Under the reasoning of *McCullough*, these procedural safeguards indicate that the Legislature *does not* consider the financial burden of the probation supervision fee to be de minimis and counsel *against* forfeiture. Accordingly, we conclude Povio's sufficiency of the evidence argument as to the probation supervision fee is not forfeited under *McCullough*.

We agree with Povio that the record does not support an implied ability-to-pay finding. Indeed, there is nothing in the record as to his ability to pay the probation supervision fee. Therefore, the probation supervision fee cannot stand.[2]

### C. *Drug Program Fee*

Povio asserts that, like the probation supervision fee, the drug program fee must be reversed and remanded because no ability-to-pay determination was made and substantial evidence does not support an implied finding of ability to pay. The People maintain Povio forfeited this claim by failing to raise it in the trial court.

Povio also notes that the trial court failed to impose mandatory penalty assessments associated with the drug program fee. According to Povio, that failure proves that the trial court did not properly assess his ability to pay. The People initially failed to respond to this argument. We requested supplemental briefing as to whether the drug program fee is subject to any mandatory penalty assessments. (See *People v. Castellanos* (2009) 175 Cal.App.4th 1524, 1527 (*Castellanos*) [requesting supplemental briefing as to whether crime prevention programs fee is subject to any additional assessments, a surcharge, or further penalties]; *Turner*, *supra*, 96 Cal.App.4th at pp.

---

[2] The parties agree that the probation supervision fee is not subject to any mandatory penalty assessments.

1414-1415 [appellate court may raise issue of unauthorized sentence absent challenge by the People].) The parties agree that penalty assessments totaling $465 must be imposed in connection with the $150 drug program fee. The mandatory penalty assessments include: (1) a $150 state penalty assessment (Pen. Code, § 1464, subd. (a)(1)); (2) a $30 state surcharge (*id*., § 1465.7); (3) a $75 state court construction penalty (Gov. Code, § 70372); (4) a $105 additional penalty (*id*., § 76000, subd. (a)(1)); (5) a $30 emergency medical services penalty (*id*., § 76000.5, subd. (a)(1)); (6) a $15 penalty for the implementation of the DNA Fingerprint, Unsolved Crime and Innocence Protection Act (*id*., § 76104.6, subd. (a)(1)); and (7) a $60 forensic laboratories penalty (*id*., § 76104.7). Thus, the actual amount due in connection with the drug program fee is $615.

Health and Safety Code section 11372.7 governs the imposition of the drug program fee. It requires the court to "determine whether or not the person who is convicted of a violation of this chapter has the ability to pay a drug program fee." (Health & Saf. Code, § 11372.7, subd. (b).) In making that determination, the court must "take into account the amount of any fine imposed upon that person and any amount that person has been ordered to pay in restitution." (*Ibid*.) Only if the court concludes the individual has the ability to pay may the drug program fee be imposed. When determining whether a person is able to pay a drug program fee, the trial court "is not required to state its finding on the record." (*People v. Martinez* (1998) 65 Cal.App.4th 1511, 1518 (*Martinez*); see also *People v. Staley* (1992) 10 Cal.App.4th 782, 785 [Health & Saf. Code, § 11372.7 "does not require the trial court to make an express finding of ability to pay a drug program fee"].) On a silent record, we presume the trial court lawfully performed its duty in imposing sentence and found that defendant had an ability to pay the drug program fee. (See *Martinez, supra*, at p. 1517; *People v. Clark* (1992) 7 Cal.App.4th 1041, 1050.)

Here, we presume the trial court determined Povio was able to pay a $150 drug program fee. (See *People v. Corrales* (2013) 213 Cal.App.4th 696, 702; *Castellanos*,

6

*supra*, 175 Cal.App.4th at p. 1531; *People v. Valenzuela* (2009) 172 Cal.App.4th 1246, 1249 (*Valenzuela*).)  But it did not do so in view of Povio's obligation to pay $465 in mandatory penalty assessments as Health and Safety Code section 11372.7, subdivision (b) requires.  Thus, we remand to allow the trial court to determine whether Povio has the ability to pay a drug program fee in view of the total amount of fines and penalty assessments imposed on him.  (See *Valenzuela*, *supra*, at p. 1250 [remanding for determination of defendant's ability to pay sex offender fine in light of his total financial obligations where court previously had failed to impose mandatory penalty assessments]; *Castellanos*, *supra*, at p. 1532 [same with respect to local crime prevention programs fine].)[3]

### D.    AIDS Education Fee

Povio's challenge to the AIDS education fee mirrors his challenge to the drug program fee.  As with the other fees, we requested supplemental briefing as to whether the AIDS education fee is subject to any mandatory penalty assessments.  The parties agree that penalty assessments totaling $217 must be imposed in connection with the $70 AIDS education fee.  The mandatory penalty assessments include:  (1) a $70 state penalty assessment (Pen. Code, § 1464, subd. (a)(1)); (2) a $14 state surcharge (*id*., § 1465.7); (3) a $35 state court construction penalty (Gov. Code, § 70372); (4) a $49 additional penalty (*id*., § 76000, subd. (a)(1)); (5) a $14 emergency medical services penalty (*id*., § 76000.5, subd. (a)(1)); (6) a $7 penalty for the implementation of the DNA Fingerprint, Unsolved Crime and Innocence Protection Act (*id*., § 76104.6, subd. (a)(1)); and (7) a $28 forensic laboratories penalty (*id*., § 76104.7).  Thus, the actual amount due in connection with the AIDS education fee is $287.

Health and Safety Code section 11377, subdivision (c) provides that the court may

---

[3] In view of this holding, we need not consider Povio's sufficiency of the evidence challenge or determine whether that claim was forfeited.

assess an AIDS education fee "not to exceed seventy dollars ($70) against any person who violates subdivision (a)" and that "[t]he court shall, however, take into consideration the defendant's ability to pay, and no defendant shall be denied probation because of his or her inability to pay the fine permitted under this subdivision." As with the drug program fee, there is no requirement that the trial court make an express finding of ability to pay the AIDS education fee, and none was made here. Accordingly, we presume the trial court found Povio was able to pay a $70 AIDS education fee.

For the reasons discussed above in connection with the drug program fee, we remand to allow the trial court to determine Povio's ability to pay the AIDS education fee "in light of his total financial obligations." (*Valenzuela*, *supra*, 172 Cal.App.4th at p. 1250.)[4]

### E.      *Playground Stay-Away Probation Condition*

Finally, Povio contends the 300-yard playground stay-away probation condition is unconstitutionally overbroad and vague absent an express knowledge requirement.[5]

#### 1.      *Standard of Review*

A court of appeal may review the constitutionality of a probation condition, even when it has not been challenged in the trial court, if the question can be resolved as a matter of law without reference to the sentencing record. (*In re Sheena K*. (2007) 40 Cal.4th 875, 888-889.) Our review of such a question is de novo. (*In re Shaun R*. (2010) 188 Cal.App.4th 1129, 1143.)

---

[4] As with Povio's drug program fee challenge, we need not consider Povio's sufficiency of the evidence challenge to the AIDS education fee, nor determine whether that claim was forfeited.

[5] While Povio characterizes his challenge in terms of both overbreadth and vagueness, his arguments appear better suited to a vagueness challenge. In any event, we agree that the condition is unconstitutionally vague as written and thus need not address overbreadth.

*2. Governing Legal Principles*

"[T]he underpinning of a vagueness challenge is the due process concept of 'fair warning.' " (*In re Sheena K.*, *supra,* 40 Cal.4th at p. 890.) "A probation condition 'must be sufficiently precise for the probationer to know what is required of him, and for the court to determine whether the condition has been violated,' if it is to withstand a challenge on the ground of vagueness." (*Ibid.*) That is, the defendant must know in advance when he may be in violation of the condition. "[T]he law has no legitimate interest in punishing an innocent citizen who has no knowledge of the presence of a [prohibited item]." (*People v. Freitas* (2009) 179 Cal.App.4th 747, 752 [modifying probation condition to prohibit knowing possession of a firearm or ammunition].) Accordingly, courts have consistently ordered modification of probation conditions to incorporate a scienter requirement where a probationer could unknowingly engage in the prohibited activity. (*In re Victor L.* (2010) 182 Cal.App.4th 902, 912-913 [modifying probation condition to prohibit knowing presence of weapons or ammunition]; *In re Justin S.* (2001) 93 Cal.App.4th 811, 816 [modifying prohibition on association with gang members to prohibit association with known gang members]; *In re Kacy S.* (1998) 68 Cal.App.4th 704, 713 [modifying probation condition that defendant not associate with any persons not approved by his probation officer]; *People v. Lopez* (1998) 66 Cal.App.4th 615, 629 [modifying probation on displaying gang-related indicia].)

*3. Analysis*

It is possible that Povio could come within 300 yards of a playground without knowing it. Therefore, we will modify this probation condition to prohibit knowingly coming within 300 yards of a playground.

## III. DISPOSITION

The order for probation is reversed. On remand, the court shall determine, in light of the mandatory penalty assessments discussed herein, Povio's ability to pay (1) the probation supervision fee under Penal Code section 1203.1b; (2) the drug program fee

9

under Health and Safety Code section 11372.7; and (3) the AIDS education fee under Health and Safety Code section 11377, subdivision (c). We direct the trial court to modify the laboratory analysis fee to reduce the amount from $150 to $50 and to impose the $155 in mandatory penalty assessments discussed herein in connection with the laboratory analysis fee. Finally, we direct the trial court to modify the 300-yard playground stay-away probation condition to prohibit knowingly coming within 300 yards of a playground.

_____
Premo, J.

WE CONCUR:

_____
Rushing, P.J.

_____
Elia, J.

10

| | |
|---|---|
| Trial Court: | Santa Clara County Superior Court<br>Superior Court No. C1244427 |
| Trial Judge: | Hon. Raymond J. Davilla, Jr. |
| Counsel for Plaintiff/Respondent:<br>The People | Kamala D. Harris<br>Attorney General<br><br>Dane R. Gillette<br>Chief Assistant Attorney General<br><br>Gerald A. Engler<br>Senior Assistant Attorney General<br><br>Seth K. Schalit<br>Supervising Deputy Attorney General<br><br>Lisa Ashley Ott<br>Deputy Attorney General |
| Counsel for Defendant/Appellant:<br>William Anthony Povio | Under appointment by the Court of Appeal<br>JuNelle Harris |

People v. Povio
H039309