Filed 4/21/16  P. v. Lowney CA3

### NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## THIRD APPELLATE DISTRICT

### (Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C079941 |
| Plaintiff and Respondent, | (Super. Ct. No. 15F02458) |
| v. | |
| MICHAEL LOWNEY, | |
| Defendant and Appellant. | |

Defendant Michael Lowney pleaded no contest to possession of a controlled substance for sale.  As part of the sentence, the trial court imposed a drug program fee.  On appeal, defendant contends the trial court did not make the required finding of ability to pay on the drug program fee and, if it did, there was not substantial evidence to support such a finding.  Accordingly, he contends the fee must be reversed.  We will strike the fee.

1

## FACTUAL AND PROCEDURAL BACKGROUND

Following an August 2015 probation search of defendant's home, law enforcement found 473 grams of methamphetamine, scales, and baggies. An amended complaint charged defendant with possession of methamphetamine for sale (Health & Saf. Code, § 11378)[1] and alleged defendant had three prior convictions for possession of methamphetamine (§ 11370.2, subd. (c)).

Defendant pleaded no contest and admitted two of the three prior conviction allegations. The trial court dismissed the third prior conviction allegation. In accordance with the plea, the trial court sentenced defendant to an aggregate term of seven years four months in county jail, to be served as a split sentence.

Although there was no probation report, at the sentencing hearing the parties relied on the terms and conditions of probation, which included fines, fees, and assessments. The trial court indicated it intended to impose only the minimum fines and fees. Defense counsel objected to each of the fines and fees that required an ability to pay assessment and asked the court "to allow for [an] [ability] to pay evaluation, in that [defendant] will be in custody for a period of time, does not have any income, will not have income readily when he gets out, and I would request that those be stricken as it relates to his [ability] to pay because he doesn't have one." Trial counsel also explicitly requested the court conduct ability to pay hearings on both the probation supervision and the urinalysis testing fees. The trial court indicated, "With regard to the fines and fees, the gentleman is indigent, so it is my intent that he only be responsible for those fines and fees which the Court must impose that are mandatory. Those that are not mandatory or discretionary, I'll order that those be stayed. And then, as to those that are mandatory, that only—that they be imposed only in the minimum amounts. [¶] . . . I'm imposing only the ones that

---

[1] Undesignated statutory references are to the Health & Safety Code.

2

by California law I must impose; the restitution fine, and so forth. The local ones that are discretionary are stayed or suspended." The trial court did not orally delineate the specific statutory basis for each fine, but noted them in the minute order and order of probation, and made notes on the terms and conditions of probation.

The trial court ordered defendant to pay a $300 restitution fine (Pen. Code, § 1202.4, subd. (b)), and a corresponding probation revocation fine stayed pending successful completion of probation (*id*., § 1202.44), a $40 court security fee (*id*., § 1465.8, subd. (a)(1)), a $30 conviction assessment (Gov. Code, § 70373), $46 per month for probation supervision (Pen. Code, § 1203.1b), and a $25 urinalysis testing fee (*id.*, § 1203.1ab).[2] The trial court imposed a mandatory criminal laboratory analysis fee (§ 11372.5, subd. (a)), plus mandatory penalty assessments, totaling $180.[3] The trial court also ordered defendant to pay a section 11372.7 drug program fee, and penalty assessments, totaling $610.

## DISCUSSION

Defendant contends the trial court erred in imposing the section 11372.7 drug program fee without finding his ability to pay, and therefore the fee must be reversed. Similarly, although not raised by defendant, the trial court also imposed a urinalysis fee and monthly probation supervision fee under Penal Code sections 1203.1ab and 1203.1b, respectively. These fees also require a finding of ability to pay. The People claim the trial court's finding regarding ability to pay is ambiguous and therefore the matter must

---

[2] Although the trial court did not identify the statutory basis of its imposition of these fees, we presume it intended to impose the fees under sections 1203.1b and 1203.1ab, respectively.

[3] The minute order lists one of these assessments as the court construction penalty, but mistakenly identifies the statute as Government Code section 70373; the proper statute is Government Code section 70372.

be remanded. We believe the record makes clear that the trial court found defendant did not have the ability to pay and intended to impose only the mandatory fines and assessments. Section 11372.7 is not mandatory if the trial court finds defendant does not have the ability to pay, neither are Penal Code sections 1203.1ab and 1203.1b. Accordingly, we will strike the drug program fee and penalty assessments, the urinalysis fee, and the monthly probation supervision fees.

Subject to certain exceptions, section 11372.7, subdivision (a) requires defendants convicted of certain drug offenses, including possession for sale, to "pay a drug program fee in an amount not to exceed [$150] for each separate offense." Penal Code section 1203.1ab applies to defendants convicted of certain drug offenses, including possession for sale, and requires them to submit to drug testing and pay for the costs of drug testing, "[i]f [he or she] . . . has the financial ability to pay all or part of the costs associated with that testing . . . ." As relevant here, Penal Code section 1203.1b, subdivision (b) provides a defendant who receives mandatory supervision shall pay the costs of that supervision "*if* [the trial court] determines that the defendant has the ability to pay those costs . . . ." (Italics added.) The section also provides that the defendant is entitled to a hearing on the issue of ability to pay. As with the booking and jail classification fees (Gov. Code, § 29550.2), each of these fees are predicated on the trial court's finding that the defendant has the ability to pay them. (Health & Saf. Code, § 11372.7, subd. (b); Pen Code, §§ 1203.1ab & 1203.1b, subd. (b).) That is, *only* if the court concludes defendant has the ability to pay, are the drug program fee, probation supervision fee, and urinalysis testing fees mandatory. (Health & Saf. Code, § 11372.7, subd. (b); Pen Code, §§ 1203.1ab & 1203.1b, subd. (b); *People v. Clark* (1992) 7 Cal.App.4th 1041, 1050.)

"No express finding as to a defendant's ability or inability to pay is required. (§ 11372.7, subd. (b); *People v. Staley* (1992) 10 Cal.App.4th 782, 785.)" (*People v. Martinez* (1998) 65 Cal.App.4th 1511, 1516.) Rather, the court's finding of the

defendant's ability or inability to pay "may be implied through the content and conduct of the hearings. [Citation.] But any finding of ability to pay must be supported by substantial evidence." (*People v. Pacheco* (2010) 187 Cal.App.4th 1392, 1398, disapproved on other grounds in *People v. McCullough* (2013) 56 Cal.4th 589, 592 and *People v. Trujillo* (2015) 60 Cal.4th 850, 858, fn 5.)

Here, the trial court explicitly noted defendant was indigent. Defense counsel expressly requested an ability to pay hearing on the monthly probation supervision and urinalysis fees. The trial court did not conduct such a hearing, but instead stated its intention to impose only those fees that were mandatory and in the minimum amounts. The trial court did not impose the booking fees and jail classification fees and, in fact, struck them out of the terms and conditions of probation, implicitly finding defendant did not have the ability to pay. The content and conduct of the hearing leads us to the conclusion that the trial court found defendant did not have the ability to pay and mistakenly believed the drug program fee, urinalysis testing fee, and monthly probation supervision fees were mandatory, irrespective of this finding. They were not. Accordingly, the drug program fee and related assessments, the urinalysis testing fee, and the monthly probation supervision fees must be stricken.

As the People note, there is also clerical error in the probation order, which should be corrected. In delineating the assessments attached to the mandatory laboratory fine (§ 11372.5), the probation order indicates a $25 court construction assessment pursuant to Government Code section 70373.[4] Government Code section 70373 is the court facilities fine, not an assessment attached to a fine, and is imposed on every conviction. The court construction penalty assessment attached to fines for specific convictions, including Health and Safety Code violations, is found in Government Code section 70372. Courts

---

[4] The People raise other errors in the assessments attendant to the drug program fee. As we are striking that fee and related assessments, we need not discuss those errors further.

5

may correct clerical errors at any time. (*People v. Mitchell* (2001) 26 Cal.4th 181, 185.) Accordingly, we will direct the trial court to correct the minute order and order of probation to reflect the imposition of a court construction assessment attached to the mandatory laboratory fee pursuant to Government Code section 70372.

## DISPOSITION

The trial court is directed to amend the minute order and order of probation by striking the $150 drug program fee and related assessments, the $25 monthly urinalysis testing fee, and the monthly $46 probation supervision fee. The court is further directed to correct the order to reflect the correct statutory basis for the court construction penalty assessment attached to the mandatory laboratory fine. The trial court is directed to forward a copy of the corrected order to the probation authorities. As so modified, the judgment is affirmed.

                                                                  BUTZ_____, J.

We concur:

_____HULL_____, Acting P. J.

_____DUARTE_____, J.