[Nos. A066779, A066780. First Dist., Div. Three. Oct. 25, 1995.]

THE PEOPLE, Plaintiff and Respondent, v.
DEAN STEVEN FORSHAY, Defendant and Appellant.

**COUNSEL**

Cynthia A. Thomas and E. Evans Young, under appointments by the Court of Appeal, for Defendant and Appellant.

Daniel E. Lungren, Attorney General, George Williamson, Chief Assistant Attorney General, Ronald A. Bass, Assistant Attorney General, Ronald S. Matthias and Sharon Rosen Leib, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**CORRIGAN, J.**—Herein, we hold defendant cannot object for the first time on appeal to the imposition of a restitution fine on the ground of an inability to pay. Defendant appeals from separate judgments following (1) his plea of guilty to second degree murder and his admission of the use of a deadly weapon and the intentional infliction of great bodily injury, and (2) the revocation of his probation as a result of that plea. He alleges error only in the court's order of restitution and a restitution fine. We, in large part, affirm the judgments, remanding solely for the determination of the amount of actual restitution and possible recalculation of the fine.

### STATEMENT OF RELEVANT FACTS

The narrow focus of defendant's appeal makes extensive discussion of the underlying facts unnecessary. The facts relating to defendant's challenge are as follows. Defendant was on probation for felony auto theft and misdemeanor driving under the influence when he was charged with murder, the special circumstance of lying in wait, use of a deadly weapon, and intentional infliction of great bodily injury. By agreement, defendant pled guilty to reduced charges, and the court revoked his probation on the basis of that plea. At the time he admitted commission of second degree murder, use of a deadly weapon, and intentional infliction of great bodily injury, he was represented by counsel and fully informed of his constitutional rights, the terms of the agreement, and the consequences of his plea. Defendant was told he could be given a fine of up to $10,000 and required to pay restitution to the victim.

A probation officer prepared the requisite presentence report, which recommended, inter alia, a $10,000 restitution fine (Gov. Code, § 13967, former subd. (a))[1] and restitution to the decedent's survivors in an amount to be determined by the court (Gov. Code, § 13967, former subd. (c)). Neither defendant nor his counsel challenged the report or objected to its recommendations. Neither raised any question about defendant's ability to comply with the restitution orders. Defendant's sole objection at sentencing involved the sentence imposed for the auto theft.[2] The court followed the restitution recommendations of the presentence report.

---

[1]Government Code section 13967 was amended in its entirety and no longer contains the fine and restitution provisions. Similar provisions are now contained in Penal Code sections 1202.4 and 1203.04. (Stats. 1994, ch. 1106, §§ 2-4, eff. Sept. 29, 1994.)

[2]At the time of defendant's crime (May 27, 1991), the sentence for a violation of Vehicle Code section 10851, subdivision (a) was two, three, or four years in prison. (Stats. 1989, ch. 930, § 11, pp. 3258-3259.) Later the penalty was reduced to a range of sixteen months, two

DISCUSSION

I. *Restitution Fine*

 Defendant contends the trial court's imposition of a restitution fine (Gov. Code, § 13967, former subd. (a)) was error because the record lacks sufficient evidence of his ability to pay. Defendant waived his right to appeal on that issue, because he failed to object at sentencing. Defendant was adequately informed of the consequences of his plea, and his sentence was in conformity with the plea bargain. Defendant now alleges an inability to pay the fine. Yet, he had opportunities both at the time of plea and at sentencing to raise this issue and failed to do so. Accordingly, any error is waived. (*People* v. *Walker* (1991) 54 Cal.3d 1013, 1023 [1 Cal.Rptr.2d 902, 819 P.2d 861]; *People* v. *Nystrom* (1992) 7 Cal.App.4th 1177, 1180-1181 [10 Cal.Rptr.2d 94].)

Had defendant objected in a timely fashion, the court could have taken evidence on his ability to pay. Defendant's failure to object leaves this court of review without any record on this subject. Defendant assigns responsibility for the inadequate record to the trial court. We do not. We analogize these circumstances to those in *People* v. *Welch* (1993) 5 Cal.4th 228, 234-236 [19 Cal.Rptr.2d 520, 851 P.2d 802],[3] which held that the reasonableness of a probation condition is waived if not raised at the time of sentencing. In so holding, the Supreme Court distinguished factual errors from legal ones. The latter are ordinarily not waived, because they "can be resolved without reference to the particular sentencing record developed in the trial court." (*Id.* at p. 235.) The issue here is one of fact. A party, aware of relevant facts, cannot withhold them from the court and then blame the tribunal for failing to ferret out that known to the party all along.

Defendant cites *People* v. *Zito* (1992) 8 Cal.App.4th 736, 741-742 [10 Cal.Rptr.2d 491] for the proposition that error in an unauthorized sentence is never waived. There, the court ordered a restitution fine under existing law rather than under the law applicable at the time of the defendant's offense. Such a legal error reaching the basic validity of the sentence is not waived. However, here, the restitution order was authorized by the governing statute. Defendant's appeal raises a separate question of whether the facts of his case support the restitution order. That factual claim was waived when not raised in a timely fashion. Nor can defendant transform such a factual claim into a

---

years, or three years. (Stats. 1993, ch. 1125, § 13, eff. Oct. 11, 1993.) Defendant asserted he should have been sentenced under the more lenient scheme.

[3]*People* v. *Welch* was given only prospective effect by the Supreme Court. It, however, was decided on May 27, 1993. The sentencing hearing here occurred on December 13, 1993.

legal one by asserting the record's deficiency as a legal error. If defendant waives error by failing to object on the basis of his inability to pay the fine, he similarly waives error based upon the adequacy of the record on that point.

## II. *Restitution to Survivors*

Defendant next claims the court erred in ordering him to pay restitution to the victim's family without fixing the amount. (Gov. Code, § 13967, former subd. (c).) The Attorney General concedes this point and also agrees that any amount of restitution payable directly to the victim's family under Government Code section 13967, former subdivision (c) should be offset against any fine ordered under former subdivision (a). (*People* v. *Cotter* (1992) 6 Cal.App.4th 1671, 1674, 1677 [8 Cal.Rptr.2d 606].) These matters must be remanded for determination of direct restitution, if any, and recalculation of the fine, if necessary.

## DISPOSITION

The matters are remanded for determination of restitution owed directly to the victim's family and recalculation of the fine, if necessary, on that basis. The judgments are in all other respects affirmed.

Chin, P. J., and Merrill, J., concurred.