Filed 11/1/13  P. v. Dean CA5

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>JERMAINE MICHAEL DEAN,<br><br>    Defendant and Appellant. | F065938<br><br>(Stanislaus Super. Ct. No. 1037386)<br><br>**OPINION** |

-ooOoo-

### THE COURT*

APPEAL from a judgment of the Superior Court of Stanislaus County.  Donald E. Shaver, Judge.

Charles M. Bonneau, under appointment by the Court of Appeal, for Defendant and Appellant.

Office of the Attorney General, Sacramento, California, for Plaintiff and Respondent.

-ooOoo-

_____

* Before Kane, Acting P.J., Detjen, J. and Franson, J.

## INTRODUCTION

Appellant/defendant Jermaine Michael Dean was convicted of first degree premeditated murder with a robbery special circumstance, and sentenced to life in prison without possibility of parole. The court ordered him to pay a $10,000 restitution fine pursuant to Penal Code[1] section 1202.4, and victim restitution of 5,861.42 for the victim's funeral expenses. Defendant did not object.

On appeal, his appellate counsel has filed a brief which summarizes the facts, with citations to the record, raises no issues, and asks this court to independently review the record. (*People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).) By letter on December 11, 2012, we invited defendant to submit additional briefing.

Defendant has filed a briefing letter, and contends the restitution fine and restitution for the victim's funeral expenses must be stricken because the sentencing court failed to consider his ability to pay. We affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

In 2007, after a jury trial, defendant Dean and codefendants Kevin Trice and Tommy Nichols were convicted of count I, first degree premeditated murder of Jose Ruiz (§ 187), with a robbery special circumstance (§ 190.2, subd. (a)(17)), and a personal use allegation (§ 12022.53, subd. (d)).

Defendant was also convicted of counts III and IV, robbery (§ 212.5); and counts V and VI, false imprisonment (§ 236); with additional firearm allegations (§ 12022.53, subd. (d), § 12022.5).

---

[1] All further statutory citations are to the Penal Code unless otherwise indicated.

**Sentencing hearing**

On April 21, 2008, the court conducted the sentencing hearing for defendant, Trice, and Nichols. The prosecutor anticipated that a restitution hearing would also be held.

The court began the hearing by sentencing Nichols and Trice to life in prison without possibility of parole, with additional determinate and indeterminate terms for the other counts and enhancements. The court also imposed restitution fines of $10,000 against each codefendant.

As the court sentenced Nichols, his attorney stated that he had filed "documents with regards to restitution,…" The court agreed and said it would continue with the sentences and return to Nichols's objections to restitution. Defendant's attorney interjected that defendant "will be objecting to any restitution order without a *Cervantes* hearing."[2] The court acknowledged defendant's objection and said it would "take that up separately,…" Trice's attorney also requested a *Cervantes* hearing for restitution.

The court continued with the hearing and sentenced defendant to life in prison without possibility of parole for murder, plus 25 years to life for the section 12022.53, subdivision (d) allegation; six years for count IV plus 25 years to life for the personal use allegation; concurrent terms of two years for count V, plus four years for the firearm enhancement; and concurrent terms of two years for count VI, plus four years for the firearm enhancement. The court stayed the term for count III. The court also imposed a $10,000 restitution fine.

The court then addressed the restitution objections. Trice's attorney withdrew his request for a *Cervantes* hearing. An off-the-record conversation occurred between all the

---

[2] In *People v. Cervantes* (1984) 154 Cal.App.3d 353, 356-357 (*Cervantes*), the court held that a sentencing court cannot delegate absolute power to a probation officer to determine the propriety, amount, and manner of restitution.

parties and their attorneys.  When they returned on the record, the attorneys for both defendant and Nichols said they were prepared to submit, and they withdrew their requests for a hearing on the restitution issues.

The court continued with the restitution orders.  It had already imposed $10,000 restitution fines as to all defendants.  It also ordered restitution of $5,861.42 for the murder victim's funeral expenses and $236.04 to the City of Modesto for ambulance expenses, with the three defendants jointly and severally liable for those two orders. Defendant and his codefendants did not object.

**Appellate review**

On June 29, 2010, this court affirmed defendant's convictions in a joint appeal. As to all defendants, however, we ordered the restitution order for $236.04 for ambulance services stricken because the City of Modesto was not a direct victim of their offenses, and that order constituted an unauthorized sentence.  While defendant challenged the restitution order for Modesto, he did not challenge the restitution fine or victim restitution order for funeral expenses.  (See *People v. Nichols et al.* (June 29, 2010, F055572) [nonpub. opn.].)

**Defendant's motion to strike**

On July 20, 2012, defendant filed a motion in superior court to strike the restitution fine of $10,000 and the victim restitution order of $5,861.42, because the sentencing court never considered his ability to pay.  Defendant requested reduction of the restitution fine to $200.

On August 15, 2012, the superior court denied the motion, and held defendant waived the issue because he failed to object to the orders at the sentencing hearing, pursuant to *People v. Forshay* (1995) 39 Cal.App.4th 686.

**DISCUSSION**

On appeal, defendant contends the $10,000 restitution fine and the victim restitution order of $5,861.42 for funeral expenses must be stricken because the superior

4.

court failed to consider his ability to pay when it imposed these orders at the sentencing hearing.

In this case, the sentencing court was prepared to grant the request of defendant and his codefendants for a hearing on the restitution issues. However, defendant, Nichols, and Trice withdrew their requests for a hearing, and they did not object to the court's imposition of the restitution orders.

As noted by the superior court, defendant's failure to object at the sentencing hearing to the court's imposition of the restitution fine, or claim that he lacked the ability to pay, results in forfeiture of that issue on appeal. (*People v. Forshay*, *supra*, 39 Cal.App.4th at pp. 689-690.) This principal was recently reaffirmed by the California Supreme Court. (*People v. McCullough* (2013) 56 Cal.4th 589, 598-599.)

As this court previously held, the restitution order to the City of Modesto constituted an unauthorized sentence since the city was not a direct victim of defendant's crimes. In contrast, the court's orders for the $10,000 restitution fine, and restitution for the victim's funeral expenses were authorized by statute and did not constitute unauthorized sentences. Defendant has forfeited review of these orders given his failure to object and the withdrawal of his request for a restitution hearing.[3]

After independent review of the record, we find that no further reasonably arguable factual or legal issues exist.

## DISPOSITION

The judgment is affirmed.

---

[3] Defendant did not challenge the restitution fine or victim restitution order in his first appeal. Thereafter, the superior court heard and denied his subsequent motion to strike these orders, without addressing whether the motion was properly before the court since it was filed two years after the appeal was final. Given defendant's forfeiture of the issues, we will not address the validity of defendant's belated challenge to the restitution orders which did not constitute unauthorized sentences.