Filed 5/28/14  P. v. Liu CA2/8

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| THE PEOPLE, | B249134 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. KA099267) |
| v. | |
| CHARLIE LIU, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Mike Camacho, Judge.  Affirmed in part, reversed in part and remanded with directions.

Sunnie L. Daniels, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Lance E. Winters, Assistant Attorney General, Victoria B. Wilson and Erika D. Jackson, Deputy Attorneys General, for Plaintiff and Respondent.

_____

Charlie Liu appeals from a judgment of conviction for assault with a deadly weapon. On appeal, he contends the trial court's order requiring him to reimburse the public defender's office in the amount of $9,249 for costs incurred in representing him without prior notice and a hearing was error. Liu also challenges the trial court order to pay a $40 court operations fee and a $30 criminal conviction assessment fee as well as the attorney fees as conditions of probation. We reverse and remand with directions to the trial court to provide Liu with a noticed hearing on his ability to pay the attorney fees. We also modify the trial court's order regarding the challenged fees to reflect they are not conditions of probation.

## BACKGROUND

The issue presented by this case does not turn on the facts of the offense, so we simply note that Liu was convicted of assault with a deadly weapon in violation of Penal Code[1] section 245, subdivision (a)(1). The trial court imposed and suspended a four year sentence in state prison, placing Liu on probation for five years. At sentencing, the trial court relied on section 987.8[2] to order Liu to reimburse the public defender's office for costs incurred in representing him throughout the proceedings. Liu was ordered to pay $9,249 for attorney fees by May 8, 2015. In making its order, the trial court failed to provide Liu with notice and a hearing to determine his ability to pay as required by section 987.8. The trial court also ordered Liu to pay a $40 court operations fee

---

[1]      All further section references are to the Penal Code unless otherwise indicated.

[2]      Section 987.8, subdivision (b) provides: "In any case in which a defendant is provided legal assistance, either through the public defender or private counsel appointed by the court, upon conclusion of the criminal proceedings in the trial court, or upon the withdrawal of the public defender or appointed private counsel, the court may, after notice and a hearing, make a determination of the present ability of the defendant to pay all or a portion of the cost thereof. The court may, in its discretion, hold one such additional hearing within six months of the conclusion of the criminal proceedings. The court may, in its discretion, order the defendant to appear before a county officer designated by the court to make an inquiry into the ability of the defendant to pay all or a portion of the legal assistance provided."

(§ 1465.8, subd. (a)(1)) and a $30 criminal conviction assessment fee (Gov. Code, § 70373). Liu timely appealed.

**DISCUSSION**

## I. Attorney Fees

On appeal, Liu contends the trial court's failure to comply with the notice and hearing requirements before imposing the $9,249 attorney fee violated his due process rights. He thus urges us to vacate the trial court's order and remand to the trial court for a hearing on Liu's ability to pay. The Attorney General concedes the trial court failed to provide notice and a hearing, but contends Liu has forfeited his claim by failing to object at the time the fee was imposed. Whether the forfeiture rule applies in this circumstance is currently pending before the California Supreme Court. (*People v. Aguilar*, review granted Nov. 26, 2013, S213571.)[3] Nonetheless, there are a line of cases originating in the Sixth District which address this issue and provide guidance in this matter. It compels us to find that a noticed hearing was necessary. We reverse in part and remand with directions.

### A. Relevant Case Law

"'[P]roceedings to assess attorney's fees against a criminal defendant involve the taking of property, and therefore require due process of law, including notice and a hearing.' [Citation.] . . . Under [section 987.8], a court may order a defendant, who has the ability to pay, to reimburse the county for the costs of legal representation. However, the defendant must be given notice and afforded specific procedural rights, including the right to present witnesses at the hearing and to confront and cross-examine adverse witnesses. [Citations.] The statute also requires the court to advise a defendant—prior to the furnishing of legal counsel—of his potential liability for the costs of court-appointed counsel. [Citation.]" (*People v. Phillips* (1994) 25 Cal.App.4th 62, 72-73, fn. omitted.)

---

[3] In *People v. Aguilar* (2013) 219 Cal.App.4th 1094, cert. granted November 26, 2013, S213571, the First District applied the forfeiture rule to the imposition of attorney fees (§ 987.8, subd. (b)), a probation supervision fee (§ 1203.1, subd. (a)(1)), and a criminal justice administration fee (Gov. Code, §§ 29550-29550.3).

California courts have generally held that a failure to raise an objection to the imposition of a fee or fine results in a forfeiture on appeal. (*People v. McCullough* (2013) 56 Cal.4th 589, 598 (booking fee); *People v. McMahan* (1992) 3 Cal.App.4th 740, 750 (fine under section 290.3); *People v. Forshay* (1995) 39 Cal.App.4th 686 (restitution fine).)

The Sixth District in *People v. Viray* (2005) 134 Cal.App.4th 1186, 1215 (*Viray*) carved out an exception to the forfeiture rule with respect to payment of attorney fees under section 987.8. The *Viray* court focused on a defendant's right to effective assistance of counsel, reasoning, "[w]e do not believe that an appellate forfeiture can properly be predicated on the failure of a trial attorney to challenge an order concerning *his own fees*." In refusing to apply the forfeiture doctrine in these circumstances, the *Viray* court emphasized the inherent conflict of interest that exists when, at the time of the order, the defendant is still represented by appointed counsel: "It seems obvious to us that when a defendant's attorney stands before the court asking for an order taking money from the client and giving it to the attorney's employer, the representation is burdened with a patent conflict of interest and cannot be relied upon to vicariously attribute counsel's omissions to the client. In such a situation the attorney cannot be viewed, and indeed should not be permitted to act, as the client's representative. Counsel can hardly be relied on to contest an order when a successful contest will directly harm the interests of the person or entity who hired him and to whom he presumptively looks for future employment." (*Viray, supra*, 134 Cal.App.4th at pp. 1215-1216.) *Viray* has since been cited for this proposition by our colleagues in Division One (*People v. Verduzco* (2012) 210 Cal.App.4th 1406) and in various unpublished opinions by other districts.

The Sixth District in *People v. Lopez* (2005) 129 Cal.App.4th 1508, 1537 (*Lopez*) also refused to find forfeiture on the ground a challenge to the amount of the reimbursement order is a sufficiency of the evidence issue, which may be raised for the first time on appeal. Unlike *Viray*, the defendant in *Lopez* was sentenced to prison and thus, section 987.8, subdivision (g)(2)(B) applied. That subdivision provides that "'a defendant sentenced to state prison shall be determined not to have a reasonably

4

discernible future financial ability to reimburse the costs of his or her defense" unless the court finds unusual circumstances. (*Lopez, supra*, at p. 1537.) The court construed this provision to require an express finding of unusual circumstances before ordering a state prisoner to reimburse his or her attorney. (*Ibid.*)

In 2010, the Sixth District relied on *Viray* and *Lopez* to reverse a trial court's order imposing attorney fees, a probation fee, and a booking fee. (*People v. Pacheco* (2010) 187 Cal.App.4th 1392, 1397.) The Supreme Court disapproved *Pacheco's* holding solely on the issue of whether a challenge to a booking fee may be made for the first time on appeal. (*People v. McCullough* (2013) 56 Cal.4th 589 (*McCullough*).)

In *McCullough*, the defendant challenged a $270.17 booking fee for insufficient evidence. (*McCullough, supra*, 56 Cal.4th at p. 592.) The Third District affirmed the booking fee order, finding that the defendant had failed to object at the time the fee was imposed and thus, had failed to preserve the issue. (*Ibid*.) The Supreme Court affirmed the Third District's reasoning. The defendant argued that booking fee orders result from the application of "'an objective legal standard'" akin to orders for involuntary HIV testing under section 1202.1 and *People v. Butler* (2003) 31 Cal.4th 1119. (*McCullough, supra,* at pp. 596-597.)

The Supreme Court disagreed with the defendant's argument. It held "that because a court's imposition of a booking fee is confined to factual determinations, a defendant who fails to challenge the sufficiency of the evidence at the proceeding when the fee is imposed may not raise the challenge on appeal." (*McCullough, supra,* 56 Cal.4th at p. 597.) A "defendant's ability to pay the booking fee here does not present a question of law . . . ." (*Ibid*.) The court explained, "Defendant may not 'transform . . . a factual claim into a legal one by asserting the record's deficiency as a legal error.' [Citation.] By 'failing to object on the basis of his [ability] to pay,' defendant forfeits both his claim of factual error and the dependent claim challenging 'the adequacy of the record on that point.'" (*Ibid*.) It concluded, "that because a court's imposition of a booking fee is confined to factual determinations, a defendant who fails to challenge the

sufficiency of the evidence at the proceeding when the fee is imposed may not raise the challenge on appeal." (*Ibid.*)

**B. Analysis**

The Attorney General urges us to adopt the Supreme Court's analysis in *McCullough* and apply it to the attorney fee issue at hand. She contends that "just like the booking fee in *McCullough,* the determination of appellant's ability to pay attorney's fees pursuant to Penal Code section 987.8 is 'confined to' factual determinations. Appellant does not allege a legal error, but a factual error that was not addressed below or developed in the record because of his failure to object."

We decline to expand *McCullough* to apply to attorney fees when the Supreme Court itself indicated that it intended a narrow holding. In disapproving *Pacheco,* the court limited its holding to booking fees and left intact *Pacheco's* holding on the ability to pay attorney fees under section 987.8. (*McCullough, supra,* 56 Cal.4th at p. 599.) Additionally, the Supreme Court did not disapprove of *Viray*. *McCullough* merely distinguished *Viray* on the ground that *Viray* "merely references the general rule that an appellate challenge to the sufficiency of the evidence 'requires no predicate objection in the trial court.'" (*McCullough, supra*, 56 Cal.4th at p. 599, fn. 2.)

The high court explained that "neither forfeiture nor application of the forfeiture rule is automatic" and that the "application of the forfeiture bar to sentencing matters is of recent vintage." (*McCullough, supra*, 56 Cal.4th at pp. 593-594.) The court specifically distinguished the booking fee from other statutes that require trial courts to consider a defendant's ability to pay before imposing a fee or costs, including the imposition of attorney fees under section 987.8. In reaching its conclusion about the booking fee, *McCullough* reviewed nine other statutes and pointed out that, "[i]n contrast to the booking fee statutes, many of these other statutes provide procedural requirements or guidelines for the ability-to-pay determination." (*Id.* at p. 598.) "We note these [other] statutes because they indicate that the Legislature considers the financial burden of the booking fee to be de minimis and has interposed no procedural safeguards or

6

guidelines for its imposition.  In this context, the rationale for forfeiture is particularly strong."  (*Id.* at p. 599.)

Importantly, the court distinguished between forfeiture as to a "de minimis" booking fee and a situation which entailed "constitutional concerns," citing to *People v. Stowell* (2003) 31 Cal.4th 1107 (*Stowell*) and *People v. Butler* (2003) 31 Cal.4th 1119 (*Butler*).  (*McCullough, supra,* 56 Cal.4th at pp. 595-596.)  In these companion cases, the court considered whether defendants could appeal involuntary HIV testing orders that they had not contemporaneously challenged.  In *Butler,* the court held that "a defendant may challenge the sufficiency of the evidence" to support imposition of an involuntary HIV testing order "even in the absence of an objection."  (*Butler, supra*, 31 Cal.4th at p. 1123.)  In contrasting the analysis in *Butler* with the facts in *McCullough*, the court explained:

> "Our analysis flowed from our recent sentencing forfeiture cases; we would review an appellate challenge not based on a contemporaneous objection if the trial court had been acting in excess of its authority.  'Just as a defendant could appeal an HIV testing order, without prior objection, on the ground he had not been convicted of an enumerated offense [citations], he should be able to do so on the ground the record does not establish the other prerequisite, probable cause. We perceive no basis for distinguishing between the two statutory predicates.' (*Id.* at p. 1126, italics omitted.)  'Without evidentiary support the order is invalid.' (*Id.* at p. 1123, italics omitted.)

> "In *Butler*, we also confronted the apparent problem that the factual component of a probable cause finding seemed to place it outside the rule that we will only review for the first time on appeal '"clear and correctable error"' that is 'independent of any factual issues presented by the record.' [Citation.]  We concluded that '[t]he fact that a testing order is in part based on factual findings does not undermine [the] conclusion' [citation] or (*Butler, supra*, 31 Cal.4th at p. 1127) that a court lacks authority to order involuntary HIV testing in the absence of probable cause.

> "We observed that the issue presented in *Butler* extended beyond mere disagreement over the import of certain facts: 'Probable cause is an objective legal standard—in this case, whether the facts known would lead a person of ordinary care and prudence to entertain an honest and strong belief that blood, semen, or any other bodily fluid capable of transmitting HIV has been transferred from the defendant to the victim.' (*Butler, supra*, 31 Cal.4th at p. 1127.)  A probable cause

7

determination requires 'applying th[is] particular legal standard to the facts as found.' (*Ibid.*; see *Ornelas v. United States* (1996) 517 U.S. 690, 696-697 [134 L.Ed. 2d 911, 116 S. Ct. 1657] [in a warrantless search situation, determinations of reasonable suspicion and probable cause are reviewed de novo—the 4th Amend. does not turn "'on whether different trial judges draw general conclusions that the facts are sufficient or insufficient to constitute probable cause'"].)

"*Butler*, however, does not endorse review in the absence of an objection below merely because an 'objective legal standard' may be at issue. As we explained, '[o]ur conclusion in this case is controlled not only by the specific terms of [Penal Code] section 1202.1 but also by the general mandate that involuntary HIV testing is strictly limited by statute.' (*Butler, supra*, 31 Cal.4th at p. 1128, fn. 5.) For these reasons, we explained, 'we conclude' the rule permitting challenges to the sufficiency of the evidence to support a judgment 'should apply to a finding of probable cause pursuant to [Penal Code] section 1202.1, subdivision (e)(6).' (*Butler*, at p. 1126, italics added.) **Here, by contrast, we find no similar statutory or constitutional concerns.**" (*McCullough, supra*, 56 Cal.4th at pp. 595-596 [emphasis added].)

*McCullough* makes clear that the forfeiture rule applies to a booking fee because there are no constitutional concerns raised in doing so. That is not the case with the imposition of a $9,249 attorney fee. The due process issues associated with the imposition of attorney fees without notice and hearing on the defendant's ability to pay are effectively identified in *Viray* and we need not repeat them here. In the absence of a compelling reason to deviate from *Viray*, we remand the matter for a hearing to determine Liu's ability to pay as required under section 987.8. (*People v. Flores* (2003) 30 Cal.4th 1059, 1063 [remand is the proper remedy when a court orders a defendant to pay attorney fees under section 987.8 without substantially complying with procedural safeguards enumerated in that section].)

## II. Other Fees

At sentencing, the trial court outlined the conditions of probation, including payment of a $40 court operation assessment fee, a $30 criminal conviction assessment fee, and the attorney fees described above. The parties agree this was error. The imposition of these fees as probation conditions is unauthorized as a matter of law and correctable without reference to factual findings. (*People v. Kim* (2011) 193 Cal.App.4th

836, 842.) As a result, the appropriate remedy for this error is to modify the judgment to delete the fees as conditions of probation and impose them as separate orders. (*Id.* at p. 848.)

## DISPOSITION

The order requiring defendant to reimburse $9,249 in attorney fees is vacated and the matter remanded to the trial court to determine defendant's ability to pay. Further, the order imposing the $40 court operation assessment fee (§ 1465.8), the $30 criminal conviction assessment fee (Gov. Code, § 70373), and the $9,249 attorney fees (§ 987.8) as conditions of probation is modified to reflect that these fees are separate orders and not conditions of probation. In all other respects, the judgment is affirmed.


BIGELOW, P.J.


We concur:


RUBIN, J.


FLIER, J.